[No. B002356. Second Dist., Div. Four. May 29, 1984.]

LOS ANGELES COUNTY FEDERATION OF LABOR, AFL-CIO et al., Plaintiffs and Respondents, v.
COUNTY OF LOS ANGELES et al., Defendants and Appellants;
LOS ANGELES COUNTY PROFESSIONAL PEACE OFFICERS
ASSOCIATION et al., Interveners and Respondents.

**COUNSEL**

De Witt W. Clinton, County Counsel, Donald K. Byrne, Chief Deputy County Counsel, and William F. Stewart, Assistant County Counsel, for Defendants and Appellants.

Goldstein, Freedman & Klepetar, Charles H. Goldstein and James E. Hall as Amici Curiae on behalf of Defendants and Appellants.

Fogel, Rothschild, Feldman & Ostrov, Daniel Fogel, Lester G. Ostrov and Mary Luppi Basich for Plaintiffs and Respondents and for Interveners and Respondents.

**OPINION**

**KINGSLEY, Acting P. J.**—In 1982, the voters of the County of Los Angeles adopted a charter amendment, including in the county charter, section 47.5 to article X, entitled "Discharge of Striking Employees."[1] The trial court granted a peremptory writ of mandate enjoining enforcement of that section, based on its findings that the section was preempted by state legislation and was unconstitutional on its face. Although we do not, as we explain hereinafter, totally agree with all of the reasoning of the trial court, we affirm the judgment, concluding that one subdivision of the section is preempted by state law, that other provisions of the section are unconstitutional and that, although the section contains a severability clause, the invalid provisions so permeate the section as adopted as to make any partial application impossible.

I

Subdivision (i) of the section provides as follows: "(i) In the event that an employee organization has instigated, participated in or afforded leadership to a strike against the County of Los Angeles, or any of its departments, commissions or agencies: or to any concerted action to withhold service therefrom: the Board of Supervisors of the County of Los Angeles is hereby prohibited from granting any improvement of wages, hours, or working conditions to employees represented by that organization beyond those in effect or last offered by the County prior to the commencement of such strike or concerted activity, until the commencement of the meet and confer negotiations for the next bargaining year at a time regularly sched-

---

[1]The full text of that new section is set forth in the appendix to this opinion.

uled for commencement under County policy and provisions governing such negotiations. This remedy shall not preclude the County of Los Angeles from securing any other equitable or legal relief to which it may be entitled under state-law." ■ A similar limitation was considered by the Supreme Court in *International Brotherhood of Electrical Workers* v. *City of Gridley* (1983) 34 Cal.3d 191 [193 Cal.Rptr. 518, 666 P.2d 960]. That case held that the "meet and confer" provisions of the Meyers-Milias-Brown Act (Gov. Code, § 3500 et seq.) preempted any limitation on meeting and conferring with a recognized employee union, strike or no strike. It follows that subdivision (i) is invalid and its enforcement properly enjoined.

## II

■ The disciplinary provisions of section 47.5 apply to "any employee who instigates, participates in or affords leadership to a strike." We agree with the trial court that, insofar as it deals with employees who "instigate" or "participate" in a strike, the language is too broad to be enforceable.

(1) We are given no definition or illustration of "instigates." Does it cover an employee, who, in conversation with a coemployee, discussing a union demand for some benefit in the next contract, remarks: "If we don't get it we should strike." The possibility that, if a strike should ultimately, weeks later, occur, that employee (who in the end did not strike) might be discharged casts a "chilling effect" on the right of all employees to discuss, even privately, their employment conditions.

(2) Similarly, we are given no definition of "participates," although subdivision (e) of the section (which we discuss later) seems to indicate that merely staying away from work or "slowing down" is "participation." Such an interpretation is also too broad and unduly "chilling." We know, from long history of labor relations, that an employee who does not join in a strike by refraining from work—a "scab"—is subject not only to ostracism by fellow employees but to risk of actual physical harm. Once a strike begins, any employee, even though personally opposed to striking, may, for his own well-being, "join" in the strike.

(3) Under subdivision (e) of the section, mere absence from work while a strike is ongoing raises a "rebuttable" presumption that the employee is "engaged in" that strike. Clearly, an employee may—strike or no strike— have personal reasons for being absent. Absent this "presumption" he risks some form of discipline—normally a deduction in pay—unless he goes to the expense of securing indisputable evidence of his excuse, but he is not subjected to peremptory discharge because a hearing officer rejects his bare word as to the cause.

(4) Subdivision (h) of the section provides as follows: "(h) Every employee of the County of Los Angeles, whether employed on the effective date of this Section or thereafter employed, shall be furnished a copy of the provisions of this Section and shall acknowledge receipt thereof by executing the following statement which shall be filed with the office of the Civil Service Commission:

" 'I hereby acknowledge receipt of a copy of the provisions of Section 47.5 of the Charter of the County of Los Angeles and agree that I understand that during my term of employment with the County, I shall neither instigate, participate in, or afford leadership to a strike against the County of Los Angeles, or any of its departments or agencies, or engage in any concerted action to withhold my services from the County of Los Angeles, or any of its departments or agencies.

" 'I further understand that if I instigate, participate in or afford leadership to such a strike or engage in any such concerted action I shall be subject to discharge and shall not be reemployed by the County; except that I may apply to return to County service as a new employee and may be employed in accordance with the regular employment practices of the County in effect at that time for the position which I seek.

" 'Furthermore, I understand that I will be rebuttably presumed to have engaged in such a strike or other prohibited concerted action against the County of Los Angeles, its commissions, departments and agencies, if I am absent from work without permission or if I abstain wholly or in part from the full performance of my duties in the normal manner without permission from the appropriate appointing authority on the date or dates when a strike or other form of concerted action to withhold services from said County, or any of its commissions, departments or agencies occurs.

" 'I further understand that no officer, board, commissioner or appointing authority of the County, elected or appointed, shall have the power to grant amnesty to any person who violates the prohibition in Section 47.5 of the Charter against instigating, participating in, or affording leadership to a strike against the County, or engaging in any concerted action to withhold services from the County, or any of its departments, commissions or agencies.' " Insofar as that subdivision provides for service of a copy of the section on each employee and his written acknowledgment of such service, we see nothing objectionable. However, the "acknowledgment" set forth in the subdivision goes beyond a mere acknowledgment that the employee knows that the section exists, but requires the employee to agree that he may lawfully be discharged pursuant to portions of the section which we here hold are invalid! While the form is not an "oath," still, by virtue of its overbreadth, is a violation of the rights we have discussed above.

## III

■ The section does, as the respondents point out, contain a severability clause. From that, they argue that an injunction preventing enforcement of the section in its entirety is in error but that, at most, only the invalid portions should be covered. However, the portions that we find invalid so permeate the section that, merely to excise *them,* would leave a section unintelligible. We do not rewrite legislation. Insofar as any of the objectives of section 47.5 can validly be secured by legislation, the obligation is on those seeking such valid legislation to draft and submit it to the voters.

## IV

Because the injunction must, for the reasons above set forth, be affirmed, we do not express any opinion on the validity of strikes by public employees or, if strikes are illegal, on what remedies a public agency may validly invoke such strikers or their unions.

The judgment is affirmed.

McClosky, J., and Rudof, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 23, 1984.